IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JAIME SANCHEZ**                                                            **PETITIONER**

**v.**                                           **CIVIL ACTION NO. 3:25-cv-153-KHJ-MTP**

**WARDEN YAZOO CITY LOW**                                 **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Jaime Sanchez's Petition [1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Petition [1] be dismissed with prejudice.

### BACKGROUND

On January 5, 2022, Sanchez was sentenced in the United States District Court for the Western District of Texas to a 70-month term of imprisonment for conspiracy to possess with intent to distribute cocaine. *See* [2] at 2; [7-1] at 5.[1] On March 3, 2025, while housed at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"), Sanchez filed the instant Petition [1] under 28 U.S.C. § 2241 arguing that he has earned First Step Act time credit, which the Bureau of Prisons ("BOP") erroneously refuses to apply to his sentence due to an Immigration and Customs Enforcement ("ICE") detainer.

On July 16, 2025, Respondent field a Response [7] in opposition. Sanchez filed no reply.

---

[1] It appears that Sanchez's sentence was subsequently reduced to 60 months pursuant to United States Sentencing Guidelines Amendment 821, which became effective on November 1, 2023, and retroactively modified criminal history calculations for defendants who committed an offense while under a criminal justice sentence and those who had zero criminal history points at the time of sentencing. *See* [7-1] at 5.

## ANALYSIS

The First Step Act provides eligible inmates with opportunities to participate in and complete recidivism reduction programs or productive activities which offer the inmates potential reductions in their sentences and/or prerelease community-based placement. *See* 18 U.S.C. § 3632. Sanchez asserts that he has earned 365 days of time credit, but the BOP refuses to apply the credits because he is subject to an ICE detainer. He argues that the detainer does not make him ineligible for time credits. Indeed, on February 6, 2023, the BOP issued a revised Program Statement 5410.01, whereby inmates with detainers are eligible to apply earned time credits to their sentences.

Sanchez, however, is not merely subject to a detainer; he is subject to a final order of removal. *See* [7-1] at 8. Along with a declaration from Amy Landers, a paralegal at FCC Yazoo City, Respondent submitted a "Final Administrative Removal Order," issued to Sanchez by an officer for the Department of Homeland Security on April 23, 2024. *See* [7-1] at 2-3, 8. In the removal order, Sanchez is found to be deportable and is ordered removed from the United States to Mexico. *See* [7-1] at 8.

A prisoner subject to a final order of removal is ineligible to apply time credits. *See* 18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal . . . "); s*ee also Ramos v. Warden*, 2025 WL 1604345, at *2 (S.D. Miss. June 6, 2025) ("despite [petitioner's] reassertions that an immigration detainer does not prevent a prisoner from applying FSA time credits . . ., a final order of removal does"); *Duarte-Varsquez v. Warden*, 2024 WL 4864618, at *3 (E.D. Tex. Oct. 28, 2024) ("a prisoner is ineligible to apply time credits if the prisoner is the subject of a final order of removal"); *Peña v. Warden*, 2024 WL 3174524, at *1 (W.D. La. May 9, 2024) ("prisoners with final orders of

2

removal remain ineligible to apply [First Step Act] credits"); *United States v. Mendoza*, 2025 WL 35878, at *2 (N.D. Tex. Jan. 6, 2025) ("under 18 U.S.C. § 3632 a prisoner is ineligible to apply time credits if he or she is the subject of a final order of removal").

Sanchez even notes in his Brief [2] in support of the Petition [1] that § 3632(d)(4)(E)(i) excludes "prisoners with final orders of removal from eligibility to apply FSA time credits . . . ." *See* [2] at 7.  Sanchez did not file a reply to the Response [7] or otherwise contest that he is subject to a final order of removal.

Because Sanchez is subject to a final order of removal, he has failed to demonstrate that he is eligible to apply First Step Act time credits, and the Petition [1] should be dismissed.[2]

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with

---

[2] In addition to arguing the merits of Sanchez's claim concerning time credit, Respondent argues that Sanchez's claim should be dismissed because he failed to exhaust his administrative remedies.  The undersigned finds that, in the interest of judicial economy, the Court should decline to address the exhaustion issue and, instead, dismiss Sanchez's claim with prejudice as it lacks merit. *See Nichols v. Joslin*, 2005 WL 1017833, at *2-3 (N.D. Tex. Mar. 25, 2005) ("federal courts may deny a § 2241 petition on the merits despite a lack of exhaustion"); *see also Gallegos-Hernandez v. United States*, 688 F.3d 190, 194-96 (5th Cir. 2012) (affirming district court's alternative dismissal of § 2241 petition on the merits where district court had also found that petition failed to exhaust administrative remedies).

instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 24th day of September, 2025.

s/Michael T. Parker  
UNITED STATES MAGISTRATE JUDGE